1 | MARY P. SULLIVAN (#176195)
2 | DAVID W. TROTTER (# 97121)
BOWLES & VERNA LLP
3 | 2121 N. California Boulevard, Suite 875
Walnut Creek, California  94596
4 | Telephone:  (925) 935-3300
Facsimile:  (925) 935-0371
5 | Email: msullivan@bowlesverna.com
   dtrotter@bowlesverna.com

6 | Attorneys for Defendants
7 | Gary Noe and Susan L. Welsh

8

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11

12 | MICHAEL FERNANDES,                    **CASE NO.:  C08-02019 EDL**

13 |     Plaintiff,                **[PROPOSED] CONSENT DECREE AND ORDER**

14 |   vs.

15 | GARY NOE and SUSAN L. WELSH,

16 |     Defendants.

17

18

19 | Good cause appearing therefor, the Court hereby FINDS and ORDERS as follows:

20 |     1.    Plaintiff MICHAEL FERNANDES ("Plaintiff") contends that he filed this action (the

21 | "Action") to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§

22 | 12101 et seq., and California civil rights laws against Defendants GARY NOE and SUSAN L. WELSH

23 | (collectively, "Defendants" or "Noe").  In his Complaint on file herein, Plaintiff has alleged that

24 | Defendants violated Title III of the ADA and sections 51, 54, 54.1 and 55 of the California Civil Code,

25 | section 19955 et seq., of the California Health and Safety Code, and Title 24 of the California Code of

26 | Regulations, allegedly by failing to provide full and equal access to Mac's Old House, Defendants'

27 | restaurant located in Antioch, California (the "Restaurant").  Plaintiff contends he was denied access to

28 | accessible parking spaces in the parking lot and the men's restroom on May 30, 2007, June 19, 2007

1  and March 21, 2008.  The Restaurant is owned and operated by Family Dinners, Inc. ("FDI"), a

2  California corporation which is owned by Defendants.

3       2.     Defendants GARY NOE and SUSAN L. WELSH deny these allegations and by entering

4  into this Consent Decree and Order do not admit any liability for the allegations in Plaintiff's Complaint

5  filed in this Action on April 17, 2008.  The parties hereby enter into this Consent Decree and Order for

6  the purpose of resolving this lawsuit without the need for protracted litigation, and without the

7  admission of any liability.

8  **JURISDICTION**

9       3.     The parties to this Consent Decree agree that the Court has jurisdiction of this matter

10  pursuant to 28 USC § 1331 for alleged violations of the Americans with Disabilities Act of 1990, 42

11  USC § 12101 et seq., and pursuant to pendent jurisdiction for the alleged violations of California Civil

12  Code §§ 51, 54, 54.1, and 55; of California Health and Safety Code § 19955 et seq., including § 19959;

13  and of Title 24 of the California Code of Regulations.

14       4.     In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to

15  this Consent Decree agree to entry of this Order to resolve all claims raised in the Complaint filed with

16  this Court.  Accordingly, they agree to the entry of this Order without trial or further adjudication of any

17  issues of fact or law concerning Plaintiff's claims.

18       WHEREFORE, the parties to this Consent Decree hereby agree and stipulate to the Court's

19  entry of this Consent Order, which provides as follows:

20  **SETTLEMENT OF INJUNCTIVE RELIEF**

21       5.     This Order shall be a full, complete, and final disposition and settlement of Plaintiff's

22  claims against Defendants that have arisen out of the subject Complaint.  The parties agree, and the

23  Court finds, that there has been no admission or finding of liability or violation of the ADA and/or

24  California civil rights laws.

25       6.     The parties agree and stipulate that certain specified corrective work and modifications

26  to the Restaurant will be performed, in accordance with and subject to the terms and conditions

27  precedent of that certain Mutual General Release and Settlement Agreement (the "Settlement

28  Agreement") executed by the parties on February 5, 2009.  The specific corrective work and

modifications to be undertaken by Defendants pursuant to the Settlement Agreement and this Consent

Decree and Order, and the terms and conditions precedent applicable to such work, are as follows:

(A)     Within five years of March 1, 2009, Noe shall make the following modifications

to the Restaurant, which are modifications recommended in the July 8, 2008 Report by Kim R.

Blackseth (the "Report"):

(1)     Noe shall provide a concrete and/or asphalt paving surface to

accommodate two (2) Designated Handicapped accessible parking spaces and central "no

parking access aisle, and compliant striping and signage with respect to these two parking

spaces.  The two parking spaces shall comply with all State and Federal access regulations, and

one of the two parking spaces shall be van-accessible.

(2)     At the entry door to the Restaurant, Noe shall provide a 6-inch by 6-inch

International Symbol of Accessibility (ISA) sign on the door at 60 inches high, and shall adjust

the door closer so that the force required to open the door shall not exceed 7.5 pounds.

(3)     Noe shall provide two new tables, or modify two of its existing tables, to

meet the knee space standards set forth in the Report.

(4)     With respect to the restrooms, Noe shall:

(a)     provide new lever type locking hardware on both the men's and

women's  restroom doors;

(b)     provide new door locking mechanisms on both restroom doors

that do not require grasping, pinching or twisting;

(c)     remove the wooden stalls (partitions) in both restrooms;

(d)     provide new ADA-compliant grab bars which are located in

accordance with Figure 4.3 of the Report;

(e)     provide State and ADA compliant signage on both the men's and

women's restroom doors;

(f)     replace the vanity cabinets with wall-hung compliant lavys;

(g)     widen both restroom doors so that they have 36-inch net clear

widths; and

1        (h)    lower the dispensers and accessories in the men's restroom to no

2    more than 40 inches above the floor.

3        (B)    The parties agree, and the Court hereby orders and decrees, that Noe shall not be

4    required to make any other structural modifications to the Restaurant pursuant to this Consent Decree

5    and Order, and Noe shall not be required to spend more than $6,500 to make the modifications to the

6    Restaurant building that are identified herein, provided that:

7        (1)    On or before April 5, 2009, Noe shall obtain a contractor's quote for the

8    cost of widening both restroom doors as set forth in subparagraph 6(A)(4)(g) above;

9        (2)    Subject to the terms and conditions of paragraph 6(C) below, Noe spends

10    the amount of money reflected by the contractor's quote on the widening of the restroom doors,

11    subject to the parties' agreement that said amount will be credited against the $6,500 cap

12    referred to herein;

13        (3)    If the widening of the restroom doors does not occur until after March 1,

14    2010, then subject to paragraph 6(C) below, the parties agree and the Court hereby decrees and

15    orders that notwithstanding the $6,500 cap referred to herein, the amount of money to be spent

16    by Noe on widening both restroom doors shall be adjusted or increased annually based on the

17    change in the CPI (as defined below) during the prior 12-month period.  For these purposes, (i)

18    "CPI" shall mean the Consumer Price Index, All Urban Consumers, San Francisco-Oakland-San

19    Jose, All Items, 1982-1984 = 100, published by the Bureau of Labor Statistics of the United

20    States Department of Labor; (ii) "Base Index"2shall mean the CPI published and in effect on

21    March 1, 2009; (iii) "Adjustment Date" shall mean March 1, 2010, and each anniversary date

22    thereafter through March 1, 2014; and (iv) "Current Index" shall mean the CPI published most

23    recently prior to the applicable Adjustment Date. In no event shall the amount spent on

24    widening both doors be less than the amount of the contractor's quote referred to above, unless

25    supported by an updated contractor's quote and agreement to do the required work for that lower

26    amount.  If the CPI is discontinued, the parties shall follow any official consumer price index,

27    whether so named or designated or not, issued by any authorized agency of the United States

28    which supplants the CPI; and

1          (4)    Subject to paragraph 6(C) below, Noe shall first spend the remainder of

2    the $6,500 subject to the cap referred to above on the modifications within both restrooms

3    before making the modifications referred to in subparagraphs I(B)(2) and (3) above.

4          (C)    Noe shall give written notice of completion to Plaintiff's counsel immediately

5    upon completion of the work.  The parties have agreed, and the Court hereby decrees and orders, that

6    Noe shall have no further obligation to make any of the modifications identified herein if the Restaurant

7    permanently ceases operation during the five-year period commencing on March 1, 2009.

8    **DAMAGES, ATTORNEY'S FEES, LITIGATION EXPENSES, AND COSTS**

9        7.    Defendants agree to undertake the corrective work and modifications in accordance with

10   the terms of the Settlement Agreement, and to make the payment to Plaintiff and his attorney pursuant

11   to the terms and conditions set forth in the Settlement Agreement, in full and final resolution of

12   Plaintiff's claims for all damages, attorney's fees, litigation expenses and costs prayed for in his

13   Complaint.  Payments shall be made by check made to "Thomas N. Stewart Client Trust Account."  A

14   dismissal of the action with prejudice will be filed within 14 days of the entry of this Order by the

15   Court.

16   **ENTIRE CONSENT ORDER**

17       8.    This Consent Order, and the Settlement Agreement referred to herein, constitutes the

18   entire agreement between the parties on the matters of injunctive relief, damages, attorney's fees,

19   litigation expenses and costs, and no other statement, promise, or agreement, either written or oral,

20   made by any of the parties or agents of any of the parties, that is not contained in this written Consent

21   Order and the Settlement Agreement, shall be enforceable regarding the matters described herein.

22   **BINDING EFFECT OF CONSENT DECREE AND ORDER; BAR AS TO FUTURE CAUSES**

23   **OF ACTION OR CLAIMS AGAINST DEFENDANTS CONCERNING THE RESTAURANT**

24       9.    The Court finds and declares that this Consent Decree and Order shall be binding on and

25   inure to the benefit of Plaintiff, Defendants, FDI and their respective heirs, assigns and successors in

26   interest.  The parties have a duty to so notify all such successors in interest of the existence and terms of

27   this Consent Decree and Order during the period of the Court's jurisdiction of this Consent Decree and

28   Order.

10.     The parties hereto agree that:  (a) Defendants' performance of their obligations under the terms and conditions of the Settlement Agreement and this Consent Decree and Order, with respect to corrective work and modifications to the Restaurant identified in paragraph 6 above, shall constitute full and complete compliance by Defendants with any and all legal and statutory obligations that they may be subject to under Title III of the ADA, sections 51, 54, 54.1 and 55 of the California Civil Code, section 19955 et seq., of the California Health and Safety Code, and Title 24 of the California Code of Regulations, including without limitation any obligation to make "reasonably achievable" modifications to the Restaurant within the meaning of the ADA and regulations promulgated thereunder; and (b) that in the event any future legal action, claim or complaint is filed against Defendants and/or FDI with respect to the ownership and operation of the Restaurant, the entry of this Consent Decree may be pleaded by them as a bar to and in defense of any such future legal actions, claims or complaints.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542**

11.     Subject to the terms of and except for all obligations set forth in the Settlement Agreement and required in this Consent Decree and Order, Plaintiff, on the one hand, and Defendants, on the other hand, and on behalf of each, their respective agents, attorneys, representatives, predecessors, successors, heirs, partners and assigns, release and forever discharge each other opposing party as titled in this action, and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other opposing Party, from all claims, demands, actions and causes of action or whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Action which may exist as between Plaintiff, on the one hand, and Defendants, on the other hand.

12.     Each of the parties to this Consent Decree and Order understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree and Order, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree and Order is signed and entered by the Court. Except for all obligations required in this Consent Decree and Order, the parties intend that it shall apply to all such further losses related to the Action.  Therefore, subject to the terms of and except for

all obligations set forth in the Settlement Agreement and required in this Consent Decree and Order, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action as between Plaintiff, on the one hand, and Defendants on the other hand, related to the Action, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived.  Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THIS RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**TERM OF THE CONSENT ORDER**

13.     This Consent Decree and Order shall be in full force and effect for a period of five (5) years after the date of entry of this Consent Decree and Order, or until such time as the injunctive relief contemplated hereby is completed.  The Court shall retain jurisdiction of this Action for six (6) years after the date the dismissal is filed to enforce provisions of this Consent Decree and Order and the Settlement Agreement for six (6) years after the date of this Consent Decree and Order, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SIGNATORIES BIND PARTIES**

14.    Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated:  April __, 2009

_____
MICHAEL FERNANDES

Dated:  April 24, 2009

_____
GARY NOE

Dated:  April 23 2009

_____
SUSAN L. WELSH

Dated:  April 29, 2009

_____
FAMILY DINNERS, INC.
By:  Its ~~President~~ SECRETARY/TREASURER

**APPROVED AS TO FORM:**

Dated:  April __, 2009

_____
THOMAS N. STEWART, III
Attorney for Plaintiff
MICHAEL FERNANDES

Dated:  April 28, 2009

BOWLES & VERNA, LLP

By: _____
DAVID W. TROTTER
Attorneys for Defendants
GARY NOE and SUSAN L. WELSH

**ORDER**

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated:  April 30, _____, 2009

_____
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE

**SIGNATORIES BIND PARTIES**

   14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: April 22, 2009

                 _____
                 MICHAEL FERNANDES

Dated: April ___, 2009

                 _____
                 GARY NOE

Dated: April ___, 2009

                 _____
                 SUSAN L. WELSH

Dated: April ___, 2009

                 _____
                 FAMILY DINNERS, INC.
                 By: Its President

**APPROVED AS TO FORM:**

Dated: April 22, 2009